JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("state") appealed from the decision of the Cuyahoga County Court of Common Pleas granting defendant-appellee Lynette Kelly's ("Kelly") application to seal her record. Upon first review, we affirmed.[1] The state appealed and the Ohio Supreme Court remanded the case for us to "decide each assignment of error and give reasons in writing" for our decision.[2] For the reasons stated below, we hereby vacate our earlier opinion, sustain the state's assignment of error, and vacate the judgment of the trial court.
 I. {¶ 2} On April 18, 1986, Kelly was indicted on one count of trafficking in food stamps, grand theft, and theft. On May 22, 1986, Kelly pled guilty to trafficking in food stamps and grand theft. She was sentenced to a term of one-year incarceration on each count with time suspended and was ordered to pay costs. She was placed on probation for one year and ordered to pay restitution in the amount of $9,615.
 {¶ 3} On August 24, 2001, Kelly filed an "Application for Sealing of the Record." On February, 21, 2003, the state filed its brief in opposition, and a hearing was held on July 24, 2003. On July 31, 2003, Kelly's application was granted.
 {¶ 4} From this decision, the state advances one assignment of error for our review.[3]
 II. {¶ 5} In its sole assignment of error, the state argues that "the trial court erred in granting the appellee's request for sealing of his [sic] record because she was not a first offender pursuant to R.C. 2953.31." We agree.
 {¶ 6} The state contends that Kelly was convicted in Cleveland Heights, Ohio, in 1998, on the charge of domestic violence, a misdemeanor. At the hearing, the trial court inquired into the charge that remained unchallenged by Kelly. The state informed the court that the domestic violence conviction had not been expunged and did constitute an act of violence; therefore, Kelly's record could not be sealed. Despite hearing this testimony, the court granted Kelly's application.
 {¶ 7} R.C. Sections 2953.32 through 2953.61 govern the expungement of an applicant's record of conviction. The state argues that Kelly fails to meet the requirement of first offender status and therefore is ineligible to have her record sealed. In relevant part, R.C. 2953.32, provides:
{¶ 8} "(A)(1) Except as provided in section 2953.61 of theRevised Code, a first offender may apply to the sentencing courtif convicted in this state * * * for the sealing of theconviction record. Application may be made at the expiration ofthree years after the offender's final discharge if convicted ofa felony, or at the expiration of one year after final dischargeif convicted of a misdemeanor."
 {¶ 9} R.C. 2953.31 defines a first-time offender. A first-time offender is "* * * anyone who has been convicted of an offense in this state * * * and who previously or subsequently has not been convicted of the same or a different offense in this state * * *."
 {¶ 10} It is clear from the record that Kelly was not a first-time offender at the time she moved to have her record sealed. On October 5, 1998, she was convicted of domestic violence, was sentenced to 30 days suspended jail time, was ordered to pay costs, and was placed on one-year inactive probation. The offenses to which Kelly was convicted were based upon two distinct incidents and occurred twelve years apart. At the hearing, the trial court stated:
{¶ 11} "I understand your situation, but also understand thelaw is to provide one opportunity for somebody to removesomething from their record as long as they stay, you know, onthe good side of the law."[4]
 {¶ 12} It is clear from the record that Kelly did not remain on the good side of the law. Although the court allowed Kelly to explain the circumstances surrounding the domestic violence conviction, the court has no authority to weigh the circumstances of a prior or subsequent offense and determine that the R.C.2953.32 first-time offender element does not apply.
 {¶ 13} "Expungement is an act of grace created by the state, and so is a privilege, not a right." City of Maple Heights v.McCants, Cuyahoga App. No. 80128, 2002-Ohio-1070. By being convicted of a subsequent offense, Kelly lost this privilege. As Kelly was not a first-time offender, the trial court lacked jurisdiction to grant her application.
 {¶ 14} The state's sole assignment of error is sustained.
Judgment vacated.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., concurs; Blackmon, P.J., concurs in judgmentonly.
[1] State v. Kelly, Cuyahoga App. No. 83366, 2004-Ohio-1787.
[2] State v. Kelly (Sept. 29, 2004), S.Ct. No. 04-856.
[3] This assignment of error is unrefuted as Kelly failed to file an appellate brief.
[4] Tr. p. 8, ln.15-19.